## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LANEY and SANDY LANEY, | ) | |
| Attorneys in Fact for SHANNON LANEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-389-TCK-TLW |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) | |
| GHEORGAE POPOVICI, and OLEKSANGR | ) | |
| SHAGYUK, LIBERTY MUTUAL FIRE | ) | |
| INSURANCE, INC., INS INSURANCE, INC., | ) | |
| and the CITY OF TULSA, OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND OPINION

Before the Court is the Motion to Reconsider of defendants Schneider National Carriers,

Inc. and Gheorgae Popovici.  [Dkt. # 8].  This case was originally filed in Rogers County,

Oklahoma and was removed by defendants on June 19, 2009.  [Dkt. # 2].  Defendants seek

reconsideration of a June 15, 2009 Order entered by the state court judge (the "Order").  [Dkt. #

2].  In the Order, the state court judge found that certain documents in the possession of

defendants' counsel are not work product and should be produced to plaintiffs David Laney and

Sandy Laney, attorneys in fact for Shannon Laney (referred to collectively as "plaintiff").  Id.

For the reasons set forth below, defendants' Motion to Reconsider is GRANTED and the Order

is hereby DISSOLVED as set forth herein.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 11, 2008, Popovici and co-defendant Olekangr Shgyuk were operating a

semi-truck owned by Schneider.  [Dkt. # 2-3 ¶ 9].  They were driving eastbound on highway 412

---

[1]   Unless otherwise indicated, the following facts are taken from pleadings filed in the
Rogers County lawsuit prior to the issuance of the Order.

in Rogers County, and the roads were slick and icy.  Id.  Plaintiff alleges that Popovici and

Shgyuk were operating the semi-truck at an unsafe speed, resulting in a collision with several

vehicles, including one occupied by plaintiff.  Id. ¶¶ 9-10.  After the accident, plaintiff was found

bleeding, unconscious, and not breathing, and she was taken directly to a hospital.  [Dkt. #2-6 at

90].  Immediately following the accident, defendants retained litigation counsel, who, along with

investigators, began investigating the accident.  Id. at 94-95.  As part of the investigation,

recorded interviews with a number of witnesses were obtained (the "Witness Statements").  Id.

Fifteen days after the accident, Schneider's insurance adjuster received a letter of

representation from counsel for plaintiff.[2]  Id. at 101.  The letter requested that the insurance

adjuster provide any "witness statements, photographs or any other information pertaining to this

accident that you have in your possession."  Id.  Defendants did not provide plaintiffs with the

Witness Statements.  On November 20, 2008, plaintiff filed suit.  Id. at 2-2.  In January, 2009,

plaintiff served her first set of interrogatories and request for production of documents, again

seeking any witness statements taken by defendants.  Id. at 35-45.  Defendants again refused to

produce the Witness Statements on the basis that the statements were subject to the attorney

client privilege and were work product.[3]  On March 19, 2009, plaintiff filed a Motion to Compel

in the state court action seeking the production of "a copy of all statements taken by any agent,

servant, employee, investigator or any other person acting on behalf of Schneider National

Carrier, Inc., that pertain to the incident in question" and a "copy of any statement made by any

other person concerning the incident in question."  [Dkt. # 2-5 at 4].

---

[2] Many of the Witness Statements were obtained prior to the date of plaintiff's counsel's letter.

[3] Defendants have not argued the applicability of the attorney-client privilege to this Court, so it is not discussed herein.

In responding to plaintiffs' motion to compel, defendants argued that the information sought "was gathered by Schneider's attorneys and/or representatives in anticipation of litigation." [Dkt. #2-6 at 93]. In support of their argument, defendants stated:

> The information sought by Plaintiffs relates to the fact investigation undertaken by Defendants' representatives beginning immediately following the collision. The severity of the accident led Schneider to immediately involve its attorneys and investigators because of the likelihood that litigation would ensue. . .. Should the court require an in camera review of these documents, the privileged nature of the documents will be apparent.

Id. at 94-95. According to counsel for the parties, the state court judge held a very brief hearing and with the consent of both parties took the issue under advisement without argument and without requesting documents for an *en camera* review. According to defendants' counsel, during the hearing he informed the state court judge that he was the attorney who had been retained by defendants and that he directed the fact investigation referenced in defendants' response to plaintiffs' motion to compel.[4] Approximately three and one-half weeks after the hearing, the state court granted plaintiff's motion to compel and ordered that the Witness Statements be produced.

On August 13, 2009, this Court conducted a hearing on defendants' Motion to Reconsider. At the hearing, counsel for defendants clarified, and expanded on, the record before the Rogers County court as follows:

1. Schneider does not ordinarily retain outside counsel to investigate collisions involving its trucks and drivers, and Schneider's counsel in this matter has been retained only a few times in the last several years.

2. Schneider did not direct the investigation that is at issue here and was not involved in that investigation. Rather, Schneider's litigation counsel directed all aspects of the investigation and was doing so in anticipation of defending a lawsuit.

---

[4] No record of the proceeding was made.

3.  Schneider's counsel does not know what procedure, if any, Schneider uses to investigate collisions in which it does not retain outside counsel.

4.  Schneider retained its litigation counsel within twelve hours of the accident.

5.  All of the statements at issue were taken by Schneider's litigation counsel, or by non-testifying third party experts or investigators who report directly to litigation counsel, not to Schneider.

Plaintiff's counsel did not counter these factual statements.

## APPLICABLE LEGAL STANDARDS

### A.  Effect of Removal on the Order

After removal of an action to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  "A prior state court order in essence is federalized when the action is removed to federal court, although the order 'remains subject to reconsideration just as it had been prior to removal.'"  Resolution Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992) (quoting Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1303 (5th Cir.1988)).  Thus, a federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered.  Nissho-Iwai, 845 F.2d at 1303.  See also Breedlove v. Cabou, 296 F.Supp.2d 253, 267 (N.D. N.Y. 2003); Nasso v. Seagal, 263 F. Supp.2d 596, 608 n.19 (E.D.N.Y. 2003); Dunning v. Collecto, Inc., 2009 WL 1211263 (E.D.Mich., 2009); 16, Moore's Federal Practice § 107.31[3] (Matthew Bender 3d. ed.) (citing cases from the First, Second, Fifth, Seventh, and Ninth circuit). Further, the state court order is not entitled to deference in federal court, Nissho-Iwai, 845 F.2d at 1304, and because federal procedure governs the enforcement of a prior state court order removed to federal court, the federal court should ensure that the order is consistent with the federal rules, which in this case would be Rule 26(b)(3).  See Resolution Trust Corp. v.

Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992) (addressing a motion to reconsider a state court order granting summary judgment); Nissho-Iwai, 845 F.2d at 1303.

### B.   The Standard for Reconsideration of the Order

Defendant's motion to reconsider is governed by Fed. R. Civ. P. 54(b), which provides that "any order ... however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Raytheon Constructors, Inc. v. Asarco, Inc., 368 F.3d 1214, 1217 (10th Cir. 2003).   Rule 54 does not provide the standard of review, so most courts have looked to Rule 59(e) as it relates to motions to alter or amend judgments.  See Torres v. Cintas Corp., 2009 WL 2044796, *1 (N.D.Okla. July 9, 2009) (citing Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir.2003)).   Under this standard, a motion to reconsider should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  Id.; Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000). See also Adams v. Reliance Standard Life Ins. Co ., 225 F.3d 1179, 1186 n.5 (10th Cir.2000). Additionally, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law." Comeau v. Rupp, 810 F. Supp 1172, 1175 (D.Kan. 1992) (citing Anderson v. United Auto Workers, 738 F.Supp. 441, 442 (D.Kan.1990); Taliaferro v. City of Kansas City, 128 F.R.D. 675, 677 (D.Kan.1989)).

Defendants do not argue that there has been a change in the controlling law or that previously unavailable evidence has been discovered.  Therefore, the issues are whether the Order was entered in a manner that is consistent with federal standards, whether the state court judge committed clear error in finding that the interview transcripts are not work product,

whether reconsideration of the Order is necessary to prevent manifest injustice, or whether the state court obviously misapprehended defendant's position or the facts or applicable law.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(3) is the starting point for an analysis of whether material is work product in a federal lawsuit.  Rule 26 provides:

> (3) Trial Preparation:  Materials.  Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed.R.Civ.P. 26(b)(3).  Rule 26(b)(3) does not limit work-product protection only to the work of lawyers.  It includes consultants, insurers and others.  Under the current version of the rule, whether a document is protected as work product depends on the motivation behind its preparation, rather than who prepared it.  See Edna Selan Epstein, The Attorney Client Privilege and the Work-Product Doctrine, vol. II, p. 916 (ABA 5th ed.) (hereafter, "Epstein").

The proponent of work-product protection must make a clear showing that it applies. Peat, Marwick, 748 F.2d at 542; Sanchez, 229 F.R.D. at 654.  Establishing work-product protection often depends on a showing that there was a reasonable threat of litigation and that the motivation for creating the document(s) in question was that threat.  Epstein, supra at 825. Courts sometimes address this last issue in terms of a party's "primary motivation" for creating documents.  See Sanchez, 229 F.R.D. at 655 ("Litigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in

possible future litigation."); Janicker v. George Washington University, 94 F.R.D. 648, 650 (D.D.C.1982) (the "primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation.") Epstein, at 854.  A key inquiry is whether the documents would have been created "regardless of whether litigation was in the offing."  Epstein at 855.

In its Motion to Compel, plaintiff made two arguments:  (1) that defendants provided insufficient information to allow plaintiff to evaluate defendants' claim of privilege; and (2) that the documents at issue were not prepared in anticipation of litigation, thus defeating any claim of work product.  [Dkt. #2-6 at 30-33].  In sustaining plaintiffs Motion to Compel, the state court relied on Hall v. Goodwin, 775 P.2d 291 (Okla. 1989).[5]  In Hall, the Oklahoma Supreme Court considered whether a statement taken by an attorney for an insurance company was work product.  In finding that it was not, the court stated:  "In order to determine whether the material is prepared in anticipation of litigation, a court must determine whether the document was secured in the regular course of duties performed by the individual as an employee of the insurance company (the ordinary course of business).  In other words, is such a document

---

[5]  Plaintiffs additionally rely on Ellison v. Gray, 702 P.2d 360 (1985).  In Ellison, the plaintiff brought a claim for malicious prosecution, and the defendant asserted reliance upon counsel as a defense.  Id.  The Oklahoma Supreme stated that "[t]he determinative issue presented [wa]s whether the Oklahoma Discovery Code, 12 O.S. 1982 Supp. § 3203(B)(2) precludes discovery of an attorney's ordinary or opinion work product in an action for malicious prosecution if the defense of good faith reliance on advice of counsel is raised."  Id. at 361-62. In finding that the work product at issue was discoverable, the Oklahoma Supreme Court stated that "[w]e cannot concede that material acquired and prepared by an attorney in anticipation of litigation or preparation for trial absolutely is privileged, nor can we permit these materials to be discovered indiscriminately.  We find that discovery of ordinary work product should be granted only upon a convincing showing that the substantial equivalent of the materials sought cannot be obtained without undue hardship, if at all."  Id.  Ellison has no application here.  Defendants are not asserting a "reliance upon counsel" defense, and plaintiffs are not claiming undue hardship.

typically prepared by the insurance company prior to notice of a lawsuit?"  Id. at 295-96.  Based

on its reading of Hall, the state court ruled as follows:

> The threshold question in determining whether the work product privilege applies
> is whether the statements were in fact prepared in anticipation of litigation. …
> The Court finds that the information provided by Defendant is not sufficient to
> show that the statements were in fact taken in anticipation of litigation as opposed
> to being taken in the ordinary course of business of investigating an incident
> involving their truck and driver.   To follow Defendant's logic, virtually all
> material prepared after an incident would be privileged because litigation is
> always a possibility.  The Court finds that this is contrary to the intent of the
> Oklahoma Discovery Code.  As a result, the Motion to Compel is sustained.

[Dkt. 8-2 at 3-4].  Thus, the state court properly focused on whether the documents at issue were

"prepared in anticipation of litigation."  Such a focus is consistent with federal standards.

In their state court briefing, defendants informed the court that the documents at issue

resulted from "the fact investigation undertaken by Defendants' representatives" and that the

"severity of the accident led Schneider to immediately involve its attorneys and investigators

because of the likelihood that litigation would ensue. . .."  Defendants' counsel also notified the

state court, at the hearing, that he was the attorney that had been retained immediately after the

accident.  Defendants' argument apparently led the state court judge to believe that Schneider

took two actions as a result of the accident:  (1) it began a routine investigation that would have

been performed irrespective of whether litigation resulted; and (2) it "involved its attorneys and

investigators."  Of course, if the Witness Statements were the result of a routine investigation,

then the state court judge correctly concluded that they were not obtained in anticipation of

litigation and that they are not work product.   The state court judge's conclusion is

understandable given the imprecise nature in which defendants made their argument, the failure

of either party to request a hearing to clarify the facts, and the twenty-five (25) day period

between the hearing, when defendants' counsel informed the court of his role (without a record),

and the issuance of the Order.  Put simply, defendants' counsel was sloppy in setting out the

facts, in applying the applicable law to those facts, and in making sure the state court judge understood defendants' counsel's role.

Had defendants made clear in their response that the investigation would not have been conducted absent a fear of litigation and that defendants' litigation counsel was solely responsible for the investigation, this Court is confident that the state court judge would have reached a different conclusion.  Instead, defendants' counsel relied on vague declarations, first stating that "[t]he information sought by Plaintiffs relates to the fact investigation by defendants' representatives . . ." and in the subsequent sentence stating that the "severity of the accident led Schneider to immediately involve its attorney and investigators."  These statements are not a picture of clarity with respect to who conducted the investigation and why.  As a result, it is not surprising that the state court judge misunderstood the facts and concluded that defendants were merely conducting a routine investigation, which defendants wanted to protect simply because they had retained counsel.

Moreover, although a motion to reconsider should not be used to re-argue issues already determined by the Court, it is impossible to ignore the undisputed information that was provided in the August 13, 2009 hearing.  For example, it is clear that:  Schneider does not ordinarily retain outside counsel to investigate collisions involving its trucks and drivers (Schneider's litigation counsel has been retained only a few times in the last several years for this purpose); Schneider did not direct the investigation that is at issue here and was not involved in that investigation (in fact, Schneider's counsel does not even know what procedure, if any, Schneider uses to investigate collisions in which it does not retain outside counsel); Schneider retained its litigation counsel within twelve hours of the accident; and, the Witness Statements were prepared by Schneider's litigation counsel or by non-testifying third party experts or investigators who

9

report directly to litigation counsel, not to Schneider.  Finally, Schneider's counsel stated that the sole purpose of obtaining the documents at issue was to prepare for anticipated litigation.  These facts unquestionably establish that the investigation conducted by defendants' counsel was independent of any routine investigation ordinarily conducted by Schneider and that the Witness Statements were obtained solely as a result Defendants' litigation counsel's investigation; that is, "in anticipation of litigation."

Further, plaintiff has never taken the position that she has "substantial need for the materials to prepare [her] case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed.R.Civ.P. 26(b)(3).  To the contrary, the materials consist of third party statements obtained by defendants' litigation counsel or by non-Schneider employees acting under the direction of defendants' litigation counsel.  Plaintiffs have the same ability that defendants' had to contact and interview these witnesses.  There is simply no prejudice to plaintiffs that will result if the Court dissolves the Order.  On the other hand, if the Court overrules defendants' motion, plaintiffs will directly benefit from the work product of defendants' counsel.  Of course, the Court could find that defendants' counsel waived any protection under the work product doctrine by not clearly informing the state court judge of the facts, and had plaintiff shown even a small amount of prejudice or undue hardship, that may have been this Court's order, but that is not the case.

For the foregoing reasons, the Court finds that in order to correct a misapprehension of the facts by the state court judge and to avoid manifest injustice, defendants' Motion to Reconsider should be, and is hereby, GRANTED.  The Order is hereby DISSOLVED to the extent that it requires the production of the Witness Statements.

IT IS SO ORDERED this the 26th day of August, 2009.


T. Lane Wilson
United States Magistrate Judge