**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID LANEY and SANDY LANEY, )<br>Attorneys in Fact for Shannon Laney, )<br>                                                          )<br>    PLAINTIFFS,                              )<br>                                                          )<br>vs.                                                    )        CASE NO. 09-CV-389-TCK-FHM<br>                                                          )<br>SCHNEIDER NATIONAL CARRIERS,  )<br>INC., GHEORGAE POPOVICI, and      )<br>OLEKSANDR SHADYUK, LIBERTY  )<br>MUTUAL FIRE INSURANCE COMPANY, )<br>INS INSURANCE, INC., and THE CITY )<br>OF TULSA, OKLAHOMA,                   )<br>                                                          )<br>    DEFENDANTS.                         )| |

**OPINION AND ORDER**

Defendants INS Insurance, Inc., Schneider National Carriers, Inc., and Gheorgae Popovici's Joint Motion for Protective Order [Dkt. 69] is before the Court for decision. Plaintiffs have filed a response [Dkt. 72] and Defendants have filed a reply [Dkt. 73].

Defendants' motion seeks an order that the discovery sought by Plaintiffs' subpoenas to Defendants' outside investigators, Mr. Scott Glow and Ms. Sharron Thompson, not be had and that Plaintiffs be barred from any further discovery regarding Defendants' post-accident investigation. Defendants contend the post-accident investigation by Glow and Thompson is protected from discovery by work product protection and argue that the Court's prior orders finding witness statements taken by the investigators were protected as work product [Dkts. 24, 30] support this position.

Plaintiffs respond that Defendants have not established that the investigation conducted by Glow and Thompson is covered by work product protection; that even if work production protection applies to the investigation, it does not shield the facts from

discovery; and that, at a minimum, Glow and Thompson can be deposed about their conversations with Plaintiffs.

In support of their argument that the investigation by Glow and Thompson is not protected as work product, Plaintiffs submitted the affidavit of a former employee of Defendants which states that Defendants routinely investigate all accidents involving Defendants' trucks. The affidavit addresses the initial report a driver makes to Defendants after an accident and the data entered into Defendants' records as a result of the driver's initial report. The affidavit, however, does not address the situation where outside investigators are hired, which is the situation in this case. Thus, while the affidavit may support discovery of Defendants' records concerning the driver's initial accident report, it does not support, or even address, discovery of information from outside investigators.

Plaintiffs also argue that the entries in the Defendants' privilege log which show that the investigators were hired by and reported to Defendants, and not Defendants' attorney, support a finding that the investigation was in the ordinary course of business. Defendants' reply fails to address the inconsistency between the entries on the privilege log and Defendants' earlier representations to the Court that litigation counsel, not Defendants, directed all aspects of the investigation and that the investigators reported directly to litigation counsel, not to Defendants. [Dkt. 24, p. 4]. In their reply brief, Defendants simply dismiss this evidence as "immaterial." [Dkt. 73, p. 3].

Despite this inconsistency and Defendants' failure to address the inconsistency, the privilege log entries do not establish that the investigators were acting in the

ordinary course of business. The evidence clearly supports the Court's earlier finding that "Defendants' investigation was conducted, not as a routine matter, but for the precise purpose of preparing for anticipated litigation." [Dkt. 30, p. 2].

Plaintiffs argue that even if the witness statements and reports of Mr. Glow and Ms. Thompson are protected as work product, the underlying facts are discoverable. Plaintiffs argue that they can therefore depose Glow and Thompson as to the facts. In effect, Plaintiffs seek the content of the written statements and reports which are protected as work product.

Despite the broad language in the cases cited by Plaintiffs to the effect that the underlying facts are discoverable, work product protection cannot be circumvented so easily. An important aspect of work product protection is that one party may not generally obtain the benefit of the work done by the other party's attorney. In *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947), the Court was faced with a similar factual situation. There, Plaintiff sought the content of defense counsel's interviews with witnesses, while in this case, Plaintiffs seek the same information from Defendants' outside investigators. Concurring in the denial of Plaintiff's discovery efforts, Justice Jackson said:

> Counsel for the petitioner candidly said on argument that he wanted this information to help prepare himself to examine witnesses, to make sure he overlooked nothing. He bases his claim to it in his brief on the view that the Rules were to do away with the old situation where a law suit developed into 'a battle of wits between counsel.' But a common law trial is and always should be an adversary proceeding. Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.

3

*Id.* at 516. Absent a showing of substantial need and hardship in obtaining the substantial equivalent of the information sought, a party must prepare its own case. Thus, while the facts are not protected by work product protection, the facts must generally be discovered from a source other than the adversary's attorney or investigators.

Plaintiffs, citing Fed.R.Civ.P. 26(b)(3)(c), contend that Mr. Glow and Ms. Thompson can be deposed about their conversations with Plaintiffs. The statements covered by this rule are written statements, recordings or transcripts of recordings. The rule does not address discovery of an investigator's testimony about what a witness said in an interview. Accordingly, the fact that Mr. Glow and Ms. Thompson interviewed Plaintiffs does not provide a basis for taking their depositions.

### Conclusion

Defendants INS Insurance, Inc., Schneider National Carriers, Inc., and Gheorgae Popovici's Joint Motion for Protective Order [Dkt. 69] is GRANTED.

SO ORDERED this day of 12th day of April, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE