# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LANEY and SANDY LANEY, )<br>Attorneys in Fact for Shannon Laney, )<br>)<br>PLAINTIFFS, )<br>)<br>vs. )<br>)<br>SCHNEIDER NATIONAL CARRIERS, )<br>INC., GHEORGAE POPOVICI, and )<br>OLEKSANDR SHADYUK, LIBERTY )<br>MUTUAL FIRE INSURANCE COMPANY, )<br>INS INSURANCE, INC., and THE CITY )<br>OF TULSA, OKLAHOMA, )<br>)<br>DEFENDANTS. ) | CASE NO. 09-CV-389-TCK-FHM |

## OPINION AND ORDER

Plaintiffs' Motion for Protective Order Regarding Telephone Records of Shannon Laney [Dkt. 147] and Defendants Schneider National Carriers, Inc., and Gheorgae Popovici's Motion to Compel [Dkt. 154] are before the Court for decision. Through the briefing and hearing process, the issues have been narrowed and the only remaining issue is whether Defendants can discover the billing records of Plaintiff's cell phone activity.

Generally, Defendants contend that in light of Plaintiff's claim that she suffered a very severe brain injury that left her permanently unemployable, the billing records are relevant to Plaintiffs' damages because the volume of calls and text messages is probative of Plaintiff's disability, communications skills, and employability. Defendants further contend that the identities of the people she communicates with might lead to information about her condition.

Plaintiffs respond that there is no dispute or issue in the case about Plaintiff's ability to use a cell phone and argue that disclosure of who Plaintiff is communicating with unreasonably invades her privacy and the privacy of the other party. Plaintiffs argue that if any discovery is permitted, it should be limited to a summary of the billing records showing the number of calls and text messages sent and received.

The Court finds that Plaintiff has a reasonable expectation of privacy in the content of her telephone communications, 18 U.S.C. § 2510, *et seq.*, and to a lesser degree, in the records disclosing the identities of who she is communicating with and the frequency of her telephone communication, 18 U.S.C. § 2701, *et seq.*; 18 U.S.C. § 3121, *et seq.* Defendants, on the other hand, have made little showing of the relevancy and weight of the billing records to any actual issue in the case. Other than counsel's very general arguments, no specific example of how Defendants will use this information has been presented. Moreover, Defendants have not explained why the billing record would be helpful in light of the fact that Defendants have had full access to Plaintiff's medical records and had an independent medical examination of Plaintiff. The undersigned finds that the question of whether Plaintiff is capable of using a cell phone is not an issue in the case, although the frequency of her use of the telephone may be relevant.

In balancing these factors, Fed.R.Civ.P. 26(b)(2)(iii), the Court finds that Defendants may not obtain the content of Plaintiff's telephone communications or the phone numbers she communicated with. Defendants may obtain information on the frequency of Plaintiff's cell phone use. The parties shall confer as to a reasonable way

2

for Plaintiffs to provide this information to Defendants.  If the parties cannot agree, they shall contact the undersigned pursuant to LCvR 37.2(b).

SO ORDERED this 10th day of January, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE