IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DAVID LANEY and SANDY LANEY, )
Attorneys in Fact for SHANNON )
LANEY, )
 )
Plaintiffs, )
 )
v. ) Case No. 09-CV-389-TCK-TLW
 )
SCHNEIDER NATIONAL CARRIERS, )
INC., and GHEORGAE POPOVICI, )
 )
Defendants. )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Join Shannon Laney ("Shannon") as a Party Plaintiff (Doc. 231) ("Motion to Join").

**I.     Background**

On February 11, 2008, Defendant Gheorgae Popovici ("Popovici") and Oleksangr Shagyuk ("Shagyuk") were operating a semi-truck owned by Defendant Schneider National Carriers, Inc. ("Schneider") on Highway 412 in Rogers County, Oklahoma.[1]  Plaintiffs David and Sandy Laney ("the Laneys") allege that Popovici and Shagyuk were operating the semi-truck at an unsafe speed on icy and slick roads, resulting in a collision with several vehicles that had stopped on the highway, including a vehicle occupied by their daughter, Shannon.  Shannon was injured as a result of said accident, and thereafter granted the Laneys a power of attorney that included the power to "appear on [her] behalf in any litigation in which [she] is or may become a party during the duration of this Uniform Durable Power of Attorney."  (*See* Power of Attorney, Ex. A to Defs.' Mot. to Dismiss, at

---

[1] Shagyuk was initially named as a Defendant in this case, but Plaintiffs subsequently dismissed all claims against Shagyuk without prejudice.  (*See* Stipulation of Dismissal 1.) Popovici and Schneider (collectively "Defendants") are the only remaining Defendants.

§ 3.04.) The Laneys brought this action as attorneys in fact for Shannon. Shannon is not a named plaintiff.

Defendants thereafter filed a Motion to Dismiss for Lack of Standing (Doc. 174) ("Motion to Dismiss"), which was referred to Magistrate Frank H. McCarthy, seeking to dismiss this action because the Laneys are not the real party in interest. On March 29, 2011, Magistrate McCarthy filed his Report and Recommendation, recently adopted by the Court, recommending that the Motion to Dismiss be granted unless Shannon is joined or substituted as party plaintiff. Subsequent to the Report and Recommendation, the Laney's filed the Motion to Join, which is now before the Court.[2] Whether Defendants' Motion to Dismiss is ultimately granted is therefore dependent on whether the Court grants the Motion to Join.

**II.     Discussion**

The Laneys seek to join Shannon as a named plaintiff pursuant to Federal Rule of Civil Procedure 17(a)(3) ("Rule 17(a)(3)"), which provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

---

[2] In their reply in support of the Motion to Join, the Laneys argue that the issue of whether Shannon should be joined as a party plaintiff was decided by Magistrate McCarthy in the Report and Recommendation. (*See* Pls.' Reply 3 ("Therefore, the issue of whether [Shannon] should be named as a Party Plaintiff has been resolved. The Magistrate has decided she should be joined. The Plaintiffs are merely implementing the recommendation of the Magistrate.").)
The Court rejects this contention and finds that the Motion to Join is properly before the Court. Magistrate McCarthy's Report and Recommendation recommended a ruling with regard to Defendants' Motion to Dismiss and, although such ruling was tied to whether Shannon was joined as a party plaintiff, the Report and Recommendation did not address the propriety of joining Shannon as a party plaintiff.

2

In deciding whether to allow joinder pursuant to Rule 17(a)(3), the Tenth Circuit has instructed to "focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest), and on whether the defendant was prejudiced thereby." *Esposito v. United States*, 368 F.3d 1271, 1275; *see Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (upholding district court's joinder of real party in interest because plaintiff's failure to include certain parties "was not the result of some tactic designed to prejudice defendant" and "there has been no tangible showing that defendant was prejudiced by the joinder") (cited with approval by *Esposito*).

In this case, the Court first finds no evidence of "deliberate tactical maneuvering." As explained by the Laney's counsel, this case was filed by Shannon's parents "because Shannon and her parents thought it would be in Shannon's best interest to proceed in that manner." (Pls.' Reply in Support of Mot. to Join 5.) Further, in another case involving an accident with a tractor-trailer, the Laney's counsel filed suit in the name of the attorney in fact for an injured person, and such suit resolved without the injured person ever being substituted as a party plaintiff. The Laney's counsel therefore believed that it was appropriate to bring this suit on behalf of the Laneys as attorneys in fact for Shannon. Although such a belief was in error, as outlined in Magistrate McCarthy's Report and Recommendation, there is no evidence that the Laneys engaged in deliberate tactical maneuvering or that their mistake was somehow dishonest.

Further, the Court rejects any contention that the Rogers County action,[3] filed by Shannon, demonstrates deliberate tactical maneuvering. As explained by the Laney's counsel, he filed an

---

[3] The Rogers County action was filed by Shannon (through the Laney's counsel) on February 9, 2010 and is virtually identical to the instant case.

action on behalf of Shannon in Rogers County as a precautionary measure to preserve the statute of limitations in the event the Laneys were found unable to bring the instant suit. The Rogers County action has not been served,[4] and the Laney's counsel has represented that it will be dismissed upon the conclusion of this lawsuit. Although the filing of the Rogers County action appears to be strategic in nature – i.e., its purpose was to preserve Shannon's rights in the event the instant suit was dismissed – the Court is unpersuaded that it evidences bad faith or dishonesty on the part of Laneys.

Second, the Court finds that Defendants will not be prejudiced if Shannon is joined as a party plaintiff, as the record suggests that Defendants knew from the outset that Shannon was the real party in interest. (*See* Answer of Schneider 4 (stating that "Plaintiffs are an improper party"); Answer of Popovici 4 (same); Joint Status Report 2 (including same in "Summary of Defenses").) Shannon has been the subject of this litigation since its initiation, and Defendants can hardly claim surprise by the Laney's Motion to Join. *See Scheufler*, 126 F.3d at 1270 (rejecting contention that defendant was prejudiced by joinder of party plaintiff when "defendant was well aware of the relevant parties in [the] action and what the critical issues would be, and thus should not have been surprised by the joinder"); *Stone v. City of Wheat Ridge Colo.*, 07-cv-00004-WYD-KLM, 2009 WL 890718, at *4 (D. Colo. March 31, 2009) (finding defendants were not prejudiced by joinder of plaintiff when "defendants knew from the outset that [the joined plaintiff] was the real party in interest"). Further, the Court rejects any contention that Defendants are prejudiced because they

---

[4] Shannon filed an motion to extend time for service in the Rogers County action until August 2011, which was granted by the court.

have been denied the opportunity to conduct meaningful discovery from Shannon. Joinder of Shannon as a plaintiff in this case does not alter the factual allegations or issues in this case, making all prior discovery equally relevant with Shannon as a party plaintiff. *See Scheufler*, 126 F.3d at 1270 (finding defendant was not prejudiced by joinder of plaintiff when, *inter alia*, joinder did not alter complaint's factual allegations or substantially change the issues in the case). As explained by the Laneys, Defendants have already submitted interrogatories to Shannon and have additionally served numerous requests for production seeking medical, employment, financial, personal, and educational documents from Shannon. Defendants have also deposed Shannon. Based on the discovery that has already been conducted, the Court remains unpersuaded that Defendants would suffer prejudice as a result of Shannon joining this suit as a party plaintiff.

**III.    Conclusion**

For the reasons outlined herein, Plaintiffs' Motion to Join Shannon Laney as a Party Plaintiff (Doc. 231) is GRANTED, and Defendants' Motion to Dismiss for Lack of Standing (Doc. 174) is DENIED.

**SO ORDERED this 27th day of April, 2011.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**