# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DAVID LANEY and SANDY LANEY, )
Attorneys in Fact for SHANNON )
LANEY, and SHANNON LANEY, )
                                                    )
**Plaintiffs,** )
                                                    )
v. )        Case No. 09-CV-389-TCK-TLW
                                                    )
**SCHNEIDER NATIONAL CARRIERS,** )
**INC., and GHEORGAE POPOVICI,** )
                                                    )
**Defendants.** )

## OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 218), wherein Defendants seek summary judgment as to Plaintiffs' request for punitive damages.

**I.    Factual Background**

This case arises out of an accident occurring on February 11, 2008 on Highway 412 in Rogers County, Oklahoma. At the time of the accident, Shannon Laney ("Laney") was driving from Tulsa, Oklahoma to Fayetteville, Arkansas with two friends. While crossing the Kerr-McClellan bridge over the Verdigris River, Laney lost control of her car, and the car spun, ultimately stopping in a sideways position whereby it blocked some portion of the roadway.[1] Laney does not recall how she lost control of her vehicle, but the record reflects that the bridge was icy at the time of the accident. Two off-duty City of Tulsa police officers, Donald Chandler ("Officer Chandler") and Jerad Lindsey ("Officer Lindsey"), were on their way home when they encountered Laney's vehicle. Specifically, Officer Chandler testified that he entered the Kerr McClellan bridge ahead of Officer Lindsay at an approximate speed of 35 to 40 miles per hour ("MPH") due to the

---

[1] Whether Laney's vehicle blocked one or two lanes of traffic is disputed.

icy road conditions. As Officer Chandler reached the center of the bridge, he noticed Laney's car stopped in the roadway. Officer Chandler then activated his overhead lights and steered his car so as to avoid a collision with Laney's car. After seeing Officer Chandler activate his emergency lights, Officer Lindsay activated his emergency lights as well. Officer Chandler then saw Laney's vehicle stopped sideways on the roadway and maneuvered around it. After parking his car off the road, Officer Lindsay walked back towards the bridge in an attempt to render assistance. He saw someone by the driver's door of Laney's vehicle and began shouting commands to move the car in order to avoid a wreck with any oncoming traffic. The record reflects that two other cars approached Laney's vehicle and were able to stop without causing a collision.

Defendant Gheorgae Popovici ("Popovici"), who was operating a semi-truck owned by Defendant Schneider National Carriers, Inc. ("Schneider"), then approached the bridge. Upon seeing the stopped vehicles, Popovici applied his breaks, attempting to avoid the vehicles, but was unsuccessful. The truck jack-knifed and hit the stopped cars on the bridge, eventually colliding with the passenger's side of Laney's vehicle. Laney was injured as a result of the collision.

The precise details regarding the collision between Popovici and Laney's vehicle are largely disputed by the parties. For example, Defendants maintain that Laney's vehicle occupied both lanes and that, upon seeing a sign stating "Watch for ice on bridge," Popovici reduced his speed and was only traveling between 40 and 45 MPH at the time of the collision. Plaintiffs, on the other hand, dispute that Laney's vehicle was blocking both lanes of traffic and cite testimony suggesting that Popovici was traveling in excess of 65 MPH, which was the posted speed limit. Specifically, Plaintiffs cite the testimony of Officer Lindsay, Shelli Robinson ("Robinson"), and Rebekah Hathcoat ("Hathcoat"), all eyewitnesses to the wreck, wherein these individuals estimated that

Popovici's speed was between 68 and 75 MPH.[2] The parties also dispute whether Popovici was in compliance with the hours of service regulations at the time of the collision, whether he falsified log books prior to the collision, whether he was fatigued at the time of the accident, and whether he was lost at the time of the accident. Finally, Plaintiffs point to evidence suggesting that Popovici was using his cell phone at the time of the wreck and was therefore distracted. Defendants dispute that the cell phone was in use at the time of the collision and instead maintain that Popovici used the cell phone after the collision.

As a result of the collision, Plaintiffs[3] brought suit, alleging a claim of negligence against Defendants.[4] Specifically, Plaintiffs' Amended Petition alleges that Popovici acted with reckless disregard for the safety of others in operating the truck "on an icy highway at a speed that would have never have allowed [him] to stop [his] vehicle within the assured clear distance ahead." (Am. Pet. ¶ 11.) Plaintiffs further claim that Popovici was acting in the scope of his employment with Schneider at all relevant times. Defendants now move for summary judgment as to Plaintiffs' request for punitive damages.

---

[2] Officer Lindsay testified that Popovici was driving 75 MPH; Robinson estimated Popovici's speed to be between 68 and 70 MPH; and Hathcoat estimated Popovici's speed to be between 70 and 75 MPH.

[3] The suit was initiated by Laney's parents, David and Sandy Laney, as attorneys in fact for Laney. However, the Court recently granted Plaintiffs' motion to join Laney as a party plaintiff.

[4] In the briefing before the Court, Schneider argues that the claim against it is based solely on the actions of Popovici. This fact does not appear to be contested by Plaintiffs in their summary judgment briefing.

## II. Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

## III. Discussion

Punitive damage awards in Oklahoma are governed by Okla. Stat. tit. 23, § 9.1 ("Section 9.1"). Section 9.1 states:

> A. In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may, subject to the provisions and limitations in subsections B, C and D of this section, award punitive damages for the sake of example and by way of punishing the defendant based upon the following factors:
>
> 1. The seriousness of the hazard to the public arising from the defendant's misconduct;
>
> 2. The profitability of the misconduct to the defendant;
>
> 3. The duration of the misconduct and any concealment of it;
>
> 4. The degree of the defendant's awareness of the hazard and of its excessiveness;
>
> 5. The attitude and conduct of the defendant upon discovery of the misconduct or hazard;

  6. In the case of a defendant which is a corporation or other entity, the number and level of employees involved in causing or concealing the misconduct; and

  7. The financial condition of the defendant.

A "Category I" award may be given when the jury finds by clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others. Okla. Stat. tit. 23, § 9.1(B). A "Category I" award may not exceed the greater of $100,000 or the amount of actual damages awarded. *Id*. A "Category II" award may be given when the jury finds by clear and convincing evidence that the defendant acted intentionally and with malice towards others. Okla. Stat. tit. 23, § 9.1(C). A "Category II" award may not exceed the greatest of $500,000, twice the amount of actual damages, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury. *Id.* Finally, a "Category III" award may be given where the jury finds by clear and convincing evidence that the defendant acted intentionally and with malice towards others and the "court finds . . . that there is evidence beyond a reasonable doubt that the defendant . . . acted intentionally and with malice and engaged in conduct life-threatening to humans[.]" Okla. Stat. tit. 23, § 9.1(D). A Category III award may be in any amount the jury deems appropriate. *Id.*

  Defendants first argue that they are entitled to summary judgment as to Plaintiffs' punitive damages claim because the conduct at issue "did not evince actions sufficient to infer malice or evil intent." (Defs.' Mot. for Partial Summ. J. 10.) In taking this position, Defendants argue that Popovici was not traveling in excess of the posted speed limit, was not fatigued, was in compliance with the hours of service regulations, and was qualified to operate the truck. Defendants further contend that Popovici was aware of the adverse road conditions at the time of the accident, lowered his speed, and tried to take evasive action to avoid a collision. As noted above, however, the precise facts regarding the collision between Popovici and Laney's vehicle are largely in dispute. Resolving

all factual disputes and drawing all reasonable inferences in favor of Plaintiffs, as this Court must at this stage of the proceedings, the Court finds that there is a genuine issue of material fact as to the events leading up to the collision between Popovici and Laney's vehicle so as to render summary judgment inappropriate as to punitive damages. The Court will, however, entertain a motion for judgment as a matter of law as to punitive damages after the Court has the benefit of hearing evidence at trial. *See* Fed. R. Civ. P. 50(a) ("If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court [ ] may resolve the issue against the party; and [ ] grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue.").[5]

Defendants also argue that Oklahoma's punitive damages statute is unconstitutional because "it amounts to a taking without due process of law and violates the interstate commerce clause." (Def.'s Mot. for Partial Summ. J. 14.) Plaintiffs fail to provide any response to this argument. The Court finds that a determination of this issue is premature at this time. Given that the Court may grant a Rule 50 motion as to punitive damages after hearing evidence at trial, a determination as to the constitutionality of Section 9.1 could very well be unnecessary. It is well-established that federal courts should avoid deciding constitutional issues unless necessary to do so. *See United Staes v. Gonzales*, 150 F.3d 1246, 1254 (10th Cir. 1998) (noting that courts should avoid deciding

---

[5] As both parties have noted, the Court was faced with a similar circumstance in another case involving a truck accident – namely, *Cummings v. Conglobal Industries, Incorporated*, No. 07-CV-409-TCK-SAJ, 2008 WL 4613817 (N.D. Okla. Oct. 14, 2008). Like this case, the precise details of the accident in *Cummings* were disputed at the summary judgment stage. The Court therefore denied the motion for summary judgment as to punitive damages but noted that it would hear a motion for judgment as a matter of law as to punitive damages after evidence was presented at trial. *Id.* at *2. Because the facts surrounding the accident in this matter are also largely disputed, the Court finds the approach used in *Cummings* to be equally appropriate here.

constitutional issues where narrower grounds for a decision exist); *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1488 n.11 (10th Cir. 1996) (citing *Ashwander v. TVA*, 297 U.S. 288, 346-47 (1936) ("noting well-established rule that federal courts should avoid deciding constitutional issues if narrower grounds for decision exist")); *United States v. Martinez*, 978 F. Supp. 1442, 1452 n.6 (D.N.M. 1997) ("Courts should avoid deciding constitutional issues if at all possible."). If the Court determines that there is sufficient evidence to permit the punitive damages claim to go to the jury after hearing evidence at trial, the Court will then permit Defendants to re-urge arguments as to the constitutionality of Section 9.1.

## IV. Conclusion

For the reasons outlined above, Defendants' Motion for Partial Summary Judgment (Doc. 218) is DENIED.

**ORDERED this 3rd day of May, 2011**

_____
**TERENCE C. KERN**
**United States District Judge**