IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DAVID LANEY and SANDY LANEY,
Attorneys in fact for SHANNON LANEY,
and SHANNON LANEY,

        Plaintiffs,

vs.

SCHNEIDER NATIONAL CARRIERS,
INC., et al.,

        Defendants.

Case No. 09-CV-389-TCK-FHM

## OPINION AND ORDER

Plaintiffs' Combined Motion for Emergency Protective Order and Motion For Sanctions [Dkt. 290] and Defendant Schneider National Carriers, Inc. and Gheorgae Popovici's Motion For Leave to Take Deposition For Use In Evidence [Dkt. 297] are before the undersigned United States Magistrate Judge for decision. A telephone hearing was held on the matter on May 4, 2011. [Dkt. 309].

The amended scheduling order entered on March 1, 2011, stated discovery was closed. [Dkt. 209]. On May 2, 2011, Defendants served a notice of video trial deposition on Plaintiffs for a deposition of witness Katie Adams to take place in Fayetteville, Arkansas on May 12, 2011. Plaintiffs seek a protective order to prevent the deposition from going forward. They argue that the discovery period has ended in this case, it is so close to trial that they will suffer prejudice in terms of decreased trial preparation time if the deposition is permitted to proceed, and that Defendants have failed to obtain leave of court to take the deposition of someone who has already been deposed in the case as required by Fed. R. Civ. P. 30(a)(2)(A)(ii).

Defendants assert that the deposition they seek is not discovery but is needed to preserve the testimony of a witness who is beyond the subpoena power of the court and who therefore will not appear in person at trial. They state a videotaped deposition is "the only way in which to adequately preserve and present this witness' testimony to the jury." [Dkt. 297, p. 2]. However Ms. Adams has already been deposed and Defendants have not persuaded the undersigned that her discovery deposition is an inadequate means to present her testimony to the jury.

The undersigned rejects the assertion Defendants made at the telephone hearing that a deposition is necessary to explore alleged inconsistencies between information Ms. Adams' provided in a recorded statement taken March 19, 2008 and her June 4, 2010 deposition. The undersigned finds that exploration of any such inconsistencies constitutes discovery. The time for discovery has passed and Defendants have not demonstrated good cause for re-opening discovery. Transcripts of both the recorded statement and the deposition were provided for the court's review following the telephone hearing. The undersigned has reviewed both transcripts and is not persuaded that there is a material difference between the two.[1] Pursuant to Rule 30(a)(2)(A)(ii), leave of court to take a second deposition of a witness must be consistent with Rule 26(b)(2) which instructs the court to limit the extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, the party has had ample opportunity to obtain the information by discovery in the action, or the burden or expense of the proposed discovery

---

[1] Ms Adams was a passenger in the car Plaintiff was driving. In her deposition Ms. Adams stated she was sleeping in the car and awoke when it started to skid. In her recorded statement Ms. Adams was not even asked about whether she was awake before the skid. Since the issues in the case revolve around what happened after the car hit the guardrail, the question of whether Ms. Adams was asleep in the car before that point is immaterial.

2

outweighs its likely benefit considering, *inter alia*, the needs of the case, and the importance of the discovery in resolving the issues. Rule 26(b)(2)(C). The undersigned finds that all of these factors weigh against a second deposition of Ms. Adams.

While Defendants' attempt to obtain a video deposition of Ms. Adams is irregular, the undersigned is not persuaded that it evinces bad faith or such a flagrant disregard for the court's schedule as to merit sanctions.

Plaintiffs' Combined Motion for Emergency Protective Order and Motion For Sanctions [Dkt. 290] is GRANTED in Part and DENIED in Part. Plaintiffs are granted a protective order, the motion for sanctions is denied. Defendant Schneider National Carriers, Inc. and Gheorgae Popovici's Motion For Leave to Take Deposition For Use In Evidence [Dkt. 297] is DENIED.

SO ORDERED this 6th day of May, 2011.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE